UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Swiss Institute of Bioinformatics<br>1, Rue Michel-Servet<br>CH-1211 Geneva 4, Switzerland,<br><br>Petitioner,<br><br>v.<br><br>Global Initiative on Sharing All Influenza Data<br>1001 G Street, N.W., Suite 400 E<br>Washington, D.C. 20001,<br><br>Respondent. | Civil Action No._____ |

## PETITION OF SWISS INSTITUTE OF BIOINFORMATICS
## TO CONFIRM A FOREIGN ARBITRAL AWARD

Petitioner Swiss Institute of Bioinformatics ("SIB" or "Petitioner"), an academic, non-profit foundation, herewith petitions this Court to confirm a foreign arbitral award issued June 28, 2012 (the "Final Award"), by the Geneva Chamber of Commerce, Industry and Services against respondent Global Initiative on Sharing Avian Influenza Data ("GISAID" or "Respondent") (collectively, the "Parties").

### THE PARTIES

1. Petitioner SIB is an academic, non-profit foundation formed in 1998 under the laws of Switzerland. SIB has its principal place of business at 1, Rue Michel-Servet, CH-1211 Geneva 4, Switzerland.

2. Respondent GISAID is a non-profit corporation formed in 2006 under the laws of the District of Columbia. GISAID has its principal place of business at 1001 G Street, N.W., Suite 400 E, Washington, D.C. 20001.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, 9 U.S.C. §§ 201, 203 (Federal Arbitration Act or "FAA"), and Article III of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, *reprinted* in 9 U.S.C. § 201 (the "New York Convention").

4. This Court has personal jurisdiction over Respondent GISAID because it is incorporated in, and maintains its principal place of business in the District of Columbia.

5. Venue is proper in this District Court for the District of Columbia under 28 U.S.C. § 1391(b)(1) and (c)(2), and 9 U.S.C. § 204.

## THE AGREEMENT TO ARBITRATE

6. Petitioner SIB and Respondent GISAID entered into an agreement, the EpiFlu Database Agreement (the "Agreement"), on February 29, 2008, under which SIB was to set up and maintain the EpiFlu Database and GISAID was to promote the database. *See* Agreement, Exhibit ("Ex.") 1 to accompanying Declaration of Charles H. Camp ("Camp Decl.").

7. The Agreement contained the following agreement to arbitrate:

> This Agreement shall be interpreted, construed and governed by the laws of Switzerland, without regard to its conflict of laws principles. The parties agree that in any dispute arising out of this Agreement, exclusive jurisdiction and venue shall be in Geneva under the procedure of the Geneva Chamber of Commerce. The proceedings will be conducted in English.

Camp Decl., Ex. 1 (The Agreement) at ¶ 19.

8. Under the Agreement, Respondent GISAID was required to pay Petitioner CHF 55,000 (Swiss Francs) upon signing the Agreement and CHF 80,000 as a "down payment against overhead costs described in Exhibit 2." Final Award, Camp Decl., Ex. 2, at ¶ 104.

2

9. GISAID further contracted to pay the pro rata costs of work performed by SIB employees on the Database. These costs included overhead, Service costs, Software costs, and Training costs. Final Award, Camp Decl., Ex. 2, at ¶283.

10. Contrary to the express provisions of the Agreement, GISAID did not make any payment to Petitioner upon signing the Agreement, nor has any payment been made to the Petitioner with the exception of one payment of CHF 500. Final Award, Camp Decl., Ex. 2, at ¶ 107.

11. The Arbitration Award confirmed that SIB had "developed the Database in accordance with the Agreement. It assigned employees to the task and various communications were sent between the Parties." Final Award, Camp Decl., Ex. 2 at ¶ 108.

## THE DISPUTE AND THE ARBITRATION

12. The EpiFlu Database went live online on May 16, 2008. As the Arbitration Award noted, the Database "seemed to be fulfilling the purpose for which it was designed." Final Award, Camp Decl., Ex. 2 at ¶ 109.

13. GISAID made no payments to the Petitioner, despite further invoices sent by the Petitioner on May 13 and June 26, 2008 and several reminders of those invoices. Final Award, Camp Decl., Ex. 2, at ¶ 110.

14. The Petitioner sent a termination letter on September 15, 2008 with its statement of account. Final Award, Camp Decl., Ex. 2, at ¶ 111.

15. After sending the termination letter, the Petitioner continued to work on the EpiFlu database and met with GISAID on October 31, 2008, wherein a future business relationship was discussed. Final Award, Camp Decl., Ex. 2, at ¶ 112.

16. On May 6, 2009, in response to a letter from GISAID, the Petitioner gave GISAID a 30-day deadline to make all payments on the Agreement. Final Award, Camp Decl., Ex. 2, at ¶ 115.

17. GISAID did not comply with the deadline and the Petitioner terminated the Agreement on June 11, 2009. Final Award, Camp Decl., Ex. 2, at ¶ 115.

18. On July 27, 2009, after terminating the Agreement, the Petitioner removed access to the EpiFlu database from the GISAID portal and redirected users to its own web portal. Final Award, Camp Decl., Ex. 2, at ¶ 116.

19. EpiFlu database users were emailed to inform them in the access change. Final Award, Camp Decl., Ex. 2, at ¶ 116.

20. In response, on August 20, 2009, GISAID filed a Notice of Arbitration with the Geneva Chamber of Commerce, Industry and Services (the "Chambers"). GISAID recommended, and Petitioner agreed through its October 23, 2009 Answer to the Notice of Arbitration, that a single arbitrator be appointed. Final Award, Camp Decl., Ex. 2, at ¶ 117-18.

21. The Chamber appointed Ms. Carole Malinvaud as Sole Arbitrator to resolve the dispute between the parties. Thus, the Arbitration Tribunal and the Arbitrator were both duly selected and appointed in accordance with the Agreement. Final Award, Camp Decl., Ex. 2, at ¶ 8-9.

22. On November 23, 2009, the Tribunal requested on advance on its fees for a total amount of € 50,000 (plus VAT) to be paid by each Party in two installments of € 14,950 each on December 11, 2009 and January 8, 2010. Final Award, Camp Decl., Ex. 2, at ¶ 18.

23. On December 2, 2009, the Tribunal received full payment of € 29,900 from SIB. Final Award, Camp Decl., Ex. 2, at ¶ 20.

24. On February 5, 2010, the Tribunal invited GISAID to proceed with its portion of the requested payment of € 29,900. Final Award, Camp Decl., Ex. 2, at ¶ 25.

25. On February 12, 2010, GISAID filed a Notice of Withdrawal of Claims pursuant to Article 34.2 of the Swiss Rules of International Arbitration (the "Swiss Rules") published in January 2006. Final Award, Camp Decl., Ex. 2, at ¶ 27.

26. On February 16, 2010, the Petitioner objected to GISAID's Notice of Withdrawal of Claims. On February 19, 2010, the Tribunal confirmed the continuation of the proceedings, rejecting GISAID's application to withdraw. Final Award, Camp Decl., Ex. 2, at ¶ 28-29.

27. On March 19, 2010, the Tribunal received € 29,900 from the Petitioner accounting for GISAID's share of the Tribunal's requested advance on costs. Final Award, Camp Decl., Ex. 2, at ¶ 33.

28. The Petitioner submitted its full Statement of Counterclaim on April 1, 2010 and GISAID submitted an Answer to Petitioner's Counterclaim on July 19, 2010. Final Award, Camp Decl., Ex. 2, at ¶ 34, 42.

29. A hearing was held on March 28 and 29, 2011, in Geneva Switzerland. Counsel for each party made opening statements and 9 witnesses were heard. Closing statements were made and each party confirmed that they were satisfied with how the proceedings had been conducted. The arbitrator considered the Parties' submissions, legal arguments and witness statements. Final Award, Camp Decl., Ex. 2, at ¶ 87, 88, 90.

## FINAL AWARD

30. On June 28, 2012, the arbitrator rendered a final arbitral award (the "Award") finding that the Agreement, a mixed contract, contained a clearly worded, "formal undertaking and a contractual obligation to pay the sums . . . " Final Award, Camp Decl., Ex. 2 at ¶ 269. The

Tribunal found that Petitioner SIB had substantiated the amount of work achieved for the project, had validly invoiced GISAID for compensation owed, and that there the Petitioner had not breached the Agreement or caused GISAID to incur any damages. The Tribunal was "satisfied that the non-payment by Claimant of properly issued invoices amounted to breach of a material term or condition, namely the term requiring GISAID to pay such invoices, pursuant to article 6 of the Agreement." Final Award, Camp Decl., Ex. 2, at ¶ 392.

31.     The Final Award ordered Respondent GISAID to pay Petitioner SIB the following amounts: (a) CHF 576,906.22 plus 5% interest per annum from April 1, 2010; plus (b) CHF 191,914.75 and € 30,390 plus 5% interest per annum from July 8, 2012; plus (c) 75% of the remaining costs of the arbitration and 75% of the Petitioner's legal costs.

32.     When addressing matters under the New York Convention, a court shall confirm an arbitration award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in" the New York Convention. 9 U.S.C. § 207.

33.     Petitioner is entitled to confirmation of the Final Award, where none of the New York Convention's grounds for refusal or deferral of recognition or enforcement apply to the Final Award.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner SIB respectfully requests this Court to confirm the Final Award under which, as of August 20, 2013, Respondent GISAID owes Petitioner SIB US$999,450.32, plus pre-judgment interest at the rate of five percent (5%), plus seventy-five percent (75%) all continuing arbitration costs, including all attorney's fees and expenses incurred in the prosecution of this action and all costs of collecting all amounts owed by Respondent

GISAID to Petitioner SIB, accrued and incurred since entry of the Final Award on June 28, 2012.

        Respectfully submitted,

*[signature]*

Charles H. Camp (D.C. Bar No. 413575)
Law Offices of Charles H. Camp, P.C.
1025 Thomas Jefferson Street, N.W.
Suite 115G
Washington, D.C. 20007
Telephone: (202) 457-7786
Facsimile: (202) 457-7788
E-mail: ccamp@charlescamplaw.com

**Counsel for Petitioner
Swiss Institute of Bioinformatics**

August 20, 2013